**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7264
Washington, DC 20530

Douglas C. Dreier (202) 514-2000
douglas.c.dreier@usdoj.gov

November 2, 2026

Molly C. Dwyer, Clerk of Court
Ninth Circuit Court of Appeals
James R. Browning U.S. Courthouse
95 7th Street, San Francisco, CA 94103

Re: *Service Employees International Union v. U.S. Department of Justice*, No. 26-7303

Dear Ms. Dwyer:

Pursuant to the Court's sua sponte order on November 2, 2026, directing the parties to file supplemental responses regarding whether the above-captioned case should be reheard en banc now that the Court has granted a stay pending appeal, the government respectfully urges the Court not to grant en banc reconsideration.

The Court's order correctly explains that the district court's seventeen-day injunction is an appealable preliminary injunction and that, on the merits, the government is likely to succeed. The district court wrongly implied a private right of action against the federal government for alleged violations of Section 11(b) of the Voting Rights Act. The Voting Rights Act vests enforcement authority in the Attorney General. 52 U.S.C. § 10308(d). The Voting Rights Act's text prohibits conduct by "person[s]," which is a term that counsels against a private right of action, as courts apply a "longstanding interpretive presumption that 'person' does not include the sovereign," *Return Mail, Inc. v. USPS*, 587 U.S. 618, 626-27 (2019), and require "an express statement by Congress" before subjecting the Executive to a generally applicable statute, *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992). Likewise, the government has not violated the Elections Clause simply by warning state officials of possible legal consequences for knowingly facilitating illegal voting in violation of federal law. The Elections Clause reflects the States' authority "to prescribe the manner by which congressional elections are conducted." *United States v. California*, ___ F.4th

____, 2026 WL 3268272, at *3 (9th Cir. Oct. 30, 2026). This case concerns whether the government can make requests of States, whereas *California* concerned whether States may refuse those requests. The States' constitutional authority to regulate their elections is therefore unaffected. Further, the Court correctly determined that the government will be irreparably harmed absent a stay and that the balance of equities and public interest warrant a stay. "[A]ny time that the government is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers an irreparable injury." *Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 4 (2025) (Kavanaugh, J., concurring) (citation modified) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025)).

Nothing in the Court's order warrants en banc reconsideration. The Court's order applies to a seventeen-day injunction. The order does not contradict any other orders of this Court or the Supreme Court. As the Court explained, "[t]he present case … poses a different question from that posed to the *California* panel: there, the panel decided whether a state *must* adopt the ballot-sequestration process requested by the Government here," whereas here "we consider only whether the Government *can* make such a request in the first place." Order 6 (quoting *California*, ___ F.4th ____, 2026 WL 3268272, at *1). Accordingly, the Court should not order en banc reconsideration.

Sincerely,

/s/ *Douglas C. Dreier*
Douglas C. Dreier

cc: all counsel (Certificate of Service attached)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. Service will be accomplished by the appellate ACMS system.

/s/ *Douglas C. Dreier*
DOUGLAS C. DREIER