**No. 26-7303**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

SERVICE EMPLOYEES INTERNATIONAL UNION, *et al.*,
Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,
Defendants-Appellants.

---

On Appeal from the United States District Court for the Northern District of California

---

# RESPONSE TO PETITION FOR FULL COURT EN BANC REHEARING

---

BRETT A. SHUMATE
*Assistant Attorney General*

CRAIG H. MISSAKIAN
*United States Attorney*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
DOUGLAS C. DREIER
SOPHIA SHAMS
JENNIFER L. UTRECHT
*Attorneys, Appellate Staff*
*Civil Division, Room 7213*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-2000*

## INTRODUCTION

The district court issued an injunction on the eve of a federal election that improperly interferes with the government's efforts to stop unlawful voting by noncitizens and its investigations of potential criminal violations of federal voting laws. A panel of this Court stayed that injunction, concluding that the district court erred in holding that the federal government's conduct likely violated Section 11(b) of the Voting Rights Act and the Elections Clause, U.S. Const. art I, sec. 4, cl. 1, that the federal government would be irreparable injured absent a stay, and that the remaining equitable factors did not counsel against a stay. A majority of this Court voted for the case to be reheard en banc, and the en banc panel of this Court reinstated the panel's decision, affirming the decision to grant a stay of the injunction.

Plaintiffs now petition for this Court to take the extraordinary step of granting full court en banc rehearing. To our knowledge, this Court has never previously granted that relief—and doing so here would undermine the Court's random en banc process and open the door to a floodgate of petitions seeking the full court's en banc review. Nothing about this case warrants such a highly unusual step.

The panel's stay order—and the en banc court's decision reinstating that order—were correct. As Judge Miller succinctly observed in his opinion concurring in the en banc court's decision, "a district court does not generally have the authority to enter an injunction prohibiting the Department of Justice from expressing its views about criminal statutes" that it enforces. Dkt. 32.1, at 23 (Miller, J., concurring).

Nor have plaintiffs demonstrated that the en banc decision conflicts with any decisions of this Court or the Supreme Court. On the contrary, both the three-judge panel and the en banc court have correctly determined that this case is distinct from *United States v. California*, No. 26-7231, 2026 WL 3268272, at *6 (9th Cir. Oct. 30, 2026) (per curiam), *application for stay denied*, No. 26A624 (U.S. Nov. 2, 2026), on which plaintiffs chiefly rely. As the original panel explained, *California* concerned "whether a state *must* adopt the ballot-sequestration process requested by the Government here," whereas this case concerns "only whether the Government *can* make such a request in the first place." Order 6. That distinction demonstrates why the panel and the en banc court correctly concluded that plaintiffs are not

likely to succeed on the merits of their Elections Clause challenge; the requests involved are "core Executive functions that did not actually disturb the states' regulation of their own elections." Order 6. This Court should deny the petition for full court en banc review.

## ARGUMENT

The en banc court correctly reinstated the panel's stay of the district court's seventeen-day injunction.

Plaintiffs' petition for full court en banc review does not even argue that they are likely to succeed on the merits of the Voting Rights Act claim. *See* Dkt. 35.1, at 5. As the government explained in its stay motion, the district court wrongly implied a private right of action against the federal government for alleged violations of Section 11(b) of the Voting Rights Act. The Voting Rights Act vests enforcement authority in the Attorney General. 52 U.S.C. § 10308(d). The Voting Rights Act's text prohibits conduct by "person[s]," which is a term that counsels against a private right of action, as courts apply a "longstanding interpretive presumption that 'person' does not include the sovereign," *Return Mail, Inc. v. USPS*, 587 U.S. 618, 626-27 (2019), and require "an express statement by Congress" before subjecting the

Executive to a generally applicable statute, *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992).

Nor have plaintiffs shown that they are likely to succeed on the merits of their Elections Clause challenge. The Elections Clause reflects the States' authority "to prescribe the manner by which congressional elections are conducted." *United States v. California*, ___ F.4th ____, 2026 WL 3268272, at *3 (9th Cir. Oct. 30, 2026). This case concerns whether the Executive Branch can make requests of States, whereas *California* concerned whether States may refuse those requests. The States' constitutional authority to regulate their elections is unaffected by mere requests. *See Printz v. United States*, 521 U.S. 898, 935 (1997); Dkt. 32.1, at 6.

Plaintiffs urge (Pet. 6) that the en banc court's decision conflicts with *California* because the federal government's requests "are accompanied by threats of criminal prosecution." But the Executive Branch does not violate the Elections Clause simply by warning state officials of possible legal consequences for knowingly facilitating illegal voting in violation of federal law. And "a district court does not generally have the authority to enter an injunction prohibiting the

Department of Justice from expressing its views about criminal statutes, even if the court determines that those views are incorrect." Dkt. 32.1, at 23 (Miller, J., concurring).

Finally, the reinstated panel decision correctly determined that the government will be irreparably harmed absent a stay and that the balance of equities and public interest warrant a stay. Dkt. 32.1, at 9. "[A]ny time that the government is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers an irreparable injury." *Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 4 (2025) (Kavanaugh, J., concurring) (citation modified) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025)). And here, "[t]he Government's injury—being barred from requesting that the states segregate ballots from suspected non-citizens—cannot be undone after the fact." Dkt. 32.1, at 9.

Contrary to plaintiffs' submissions, nothing in the Court's order warrants full court en banc rehearing. That is an extraordinary procedural step that, to the government's knowledge, has never been granted, and indeed appears not even to have been sought for decades. Granting such a request would encourage a flood of similar petitions

and would substantially undermine the value of the Court's random en banc process. Plaintiffs have certainly not shown that this case warrants that highly unusual step. This Court's order applies to a seventeen-day injunction. And, as explained, the Court's decision does not contradict any other orders of this Court or the Supreme Court. As the Court explained, "[t]he present case . . . poses a different question from that posed to the *California* panel: there, the panel decided whether a state *must* adopt the ballot-sequestration process requested by the Government," whereas here "we consider only whether the Government *can* make such a request in the first place." Dkt. 32.1, at 9 (quoting *California*, ___ F.4th ____, 2026 WL 3268272, at *1).

## CONCLUSION

The Court should deny the petition for full court en banc rehearing.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

CRAIG H. MISSAKIAN
*United States Attorney*

ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

SHARON SWINGLE
JENNIFER L. UTRECHT

*s/ Sophia Shams*
SOPHIA SHAMS
DOUGLAS C. DREIER
*Attorneys, Appellate Staff*
*Civil Division, Room 7213*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-2000*
*sophia.shams@usdoj.gov*

November 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 40(d)(3) because it contains 1,104 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Sophia Shams*
Sophia Shams